44 C.C.P.A.(Patents)

**Application of Pierre Marcel
· BOURDON.**

**Patent Appeal No. 6220.**

United States Court of Customs
and Patent Appeals.

Jan. 9, 1957.

Campbell, Brumbaugh, Free & Graves,
New York City (Mark N. Donohue, By-
ron T. Gardner, and Worthington Camp-
bell, New York City, of counsel), for ap-
pellant.

Clarence W. Moore, Washington, D. C.
(S. W. Cochran, Washington, D. C., of
counsel), for Commissioner of Patents.

Before JOHNSON, Chief Judge, and
O'CONNELL, WORLEY, RICH, and
JACKSON (retired), Associate Judges.

WORLEY, Judge.

This is an appeal from the decision of
the Board of Appeals of the United
States Patent Office sustaining the action
of the Primary Examiner in finally re-
jecting claims 4 to 7, inclusive, of appel-
lant's application for a patent on a pneu-
matic tire, on the ground of lack of in-
vention over the prior art. Claims 4 and
5 are typical of the appealed claims and
read:

"4. A tire casing comprising a carcass having flexible thread-reinforced side walls, a ground contacting tread portion on the outer periphery of said carcass, two superposed, directly adjacent, substantially coextensive layers within and substantially coextensive with said tread portion, each of said two layers comprising metallic reinforcing elements embedded in a layer of rubber having a modulus of elasticity of at least 350 and a Shore hardness greater than 72, the reinforcing elements in each layer being substantially parallel to one another and the elements of the two layers being arranged in different directions.

"5. A tire casing comprising a carcass having flexible rubber-containing side walls, a rubber-containing ground-contacting tread portion on the outer periphery of said carcass, a pair of superposed, directly adjacent, substantially parallel reinforcing plies within said carcass and substantially coextensive with said tread portion, each ply comprising a plurality of parallel metallic cords embedded in a layer of rubber having a modulus of elasticity of at least 350 and a Shore hardness greater than 72, said layer having a modulus of elasticity substantially higher than the other rubber in the side walls and tread portion and the cords in one ply extending at an angle to the cords in the other ply and to the median plane of said carcass."

The Primary Examiner relied on the following references: Parkinson, 2,108,-973, February 22, 1938; Pierce, 2,258,-031, October 7, 1941.

The Board of Appeals, however, reversed the examiner's rejection so far as it was based on the Parkinson patent, and relied solely on the patent to Pierce. The Parkinson patent, therefore, is not before us for consideration.

The tire disclosed in appellant's application is of the type which includes flexible thread reinforcement in its side walls. In order to secure additional reinforcement for the tread portion of the tire, appellant provides two metal-containing layers underlying and substantially coextensive with the tread and with each other. Each layer comprises metallic cord members, the cords being parallel to one another, but at an angle to those in the other layer. The cords are embedded in a layer of hard rubber "having a very high modulus of elasticity." The specification states that this modulus preferably has a value greater than 350, corresponding to a Shore hardness greater than 72.

The single reference relied on by the board, the Pierce patent, discloses a tire reinforced throughout by metal threads or wires and also has two so-called breaker strips which underlie the tread and, as shown, appear to be substantially coextensive with the tread and with each other. These strips comprise metal wires arranged so that those in each layer are parallel with one another while those in one layer are at an angle to those in the other. The wires are embedded in the rubber of the tire, no separate layer of hard rubber being provided.

It was the opinion of the board that Pierce discloses everything recited by the appealed claims with the exception of the specific modulus of elasticity and hardness of the rubber. With respect to that feature, the board stated that the rubber in which Pierce's breaker strips are embedded appears to be similar to that of the remainder of the tire casing, but that the patent disclosure might be reasonably taken to embrace the construction of the entire tire of stiff rubber for such purposes as use on heavy trucks. The board did not think that the specific modulus of elasticity and hardness called for by the appealed claims had been shown to be critical. In that connection it pointed out that appellant's specification merely states that such modulus should "preferably" be in excess of 350.

Shortly after taking his appeal to the board, appellant submitted an affidavit purporting to show criticality in a modulus of elasticity of at least 350. That

affidavit, however, related to a comparison of rubber layers having moduli of elasticity of 155 and 800 respectively and, as the examiner properly pointed out in his answer to the appeal, such a comparison does not establish criticality in a modulus of 350.

Appellant later filed a second affidavit which the board refused to admit or consider, and appellant alleges error in such refusal. Whether an affidavit, filed after an appeal to the board has been taken, shall be considered on its merits is a matter of procedure which is within the discretion of the Patent Office tribunals, and this court would not be justified in disturbing the action of those tribunals in such a matter, except upon a showing of obvious error. In re Christmann, 128 F.2d 596, 29 C.C.P.A., Patents, 1037. We find no such error here.

While it is clear from appellant's specification that the use of rubber having a modulus of elasticity substantially higher than that of the rubber commonly used in tires is considered essential, it is not stated that the particular modulus and hardness set forth in the appealed claims are critical, but merely that they are preferable. As was held in In re Gardiner, 171 F.2d 313, 36 C.C.P.A., Patents, 748, values which are described in an application only as being preferred cannot ordinarily be held to be critical.

It is well settled that proportions or values are critical only when they involve a difference in kind rather than in degree. In re Richter, 53 F.2d 525, 19 C.C.P.A., Patents, 756; In re Britton, 115 F.2d 249, 28 C.C.P.A., Patents, 726; and In re Selmi, 156 F.2d 96, 99, 33 C.C.P.A., Patents, 1187. As was said in the latter case

"The point or range alleged to be critical must correspond to a physical phenomenon and on that basis appellants have the burden of proving that they have invented a new steel having characteristics or qualities of utility that are new and materially different from the steel disclosed by the art of record."

We agree with the examiner and the board that the record in this case would not support a holding that a modulus of elasticity of at least 350 and a Shore hardness of 72 are critical in the combination set forth in the appealed claims.

Appellant contends that he has disclosed that greatly improved results may be obtained by the use of rubber having a high modulus of elasticity and Shore hardness, and that it is sufficient if he points out suitable values of those factors in his claims, without establishing actual criticality. However, the board was of the opinion that, since the Pierce patent specifies no particular degree of hardness and modulus of elasticity, and since the values claimed by appellant have not been shown to be critical, there would be no invention in making the entire tire of Pierce of rubber having the characteristics set forth in the appealed claims. Whether that opinion is correct is the only issue involved in the rejection of claims 4 and 6, since those claims are fully met by the Pierce patent except for the particular modulus of elasticity and Shore hardness specified.

The board stated with respect to the Pierce patent that

"* * * While the patentee specifies no particular hardness value for such rubber, we think that it would involve only on unpatentable matter of choice to make said rubber of any hardness desired, including the hardness specified in the claim, since the patent may reasonably be taken to embrace within its contemplation the construction of a tire of suitable stiffness for heavy truck use or in other environments where a particularly stiff tire might be desired. * * *"

Appellant argues that the above statement is incorrect since "the prior art fails to teach that harder rubber is commonly used in tire casings or that such harder rubber would normally be used for heavy truck use or in other environments where a particularly stiff tire might be desired. To the contrary, heavy duty tires are rendered stiffer and

stronger by increasing the number of reinforcing plies therein." Appellant also states that the court may properly take judicial notice of a Smithers Laboratory report which accompanied the affidavit which was refused consideration by the board, which shows no higher modulus of elasticity than 189 for the commercial tires referred to, and of The Vanderbilt Rubber Handbook, Ninth Edition 1948, which discloses tires having Shore hardnesses ranging from 41 to 60.

Even assuming, however, that rubber of the hardness and modulus of elasticity recited in the appealed claims is not commonly used in the making of tires, we are in agreement with the board that there would be no invention in making a tire such as is shown by Pierce of such rubber, if, for any reason, it seemed desirable to do so. The record does not support appellant's contention that such a tire would be impractical. As was said in In re Kepler, 132 F.2d 130, 30 C.C. P.A., Patents, 726, a patent should not be granted on a result which would flow naturally from the teaching of the prior art, and we think it would be natural to make the Pierce tire of whatever kind of rubber appeared suitable for any particular purpose which the user had in mind.

As above noted, claims 4 and 6 are broad enough to cover a reinforced tire which includes only rubber having a modulus of elasticity of at least 350 and a Shore hardness greater than 72. Accordingly, if, as appears to be suggested by appellant, such a tire would have no material value, then claims 4 and 6 do not point out a feature which is essential to appellant's invention; namely, the use of two different types of rubber in the tire.

Appellant contends that the statement in claims 4 and 6 that the side walls of the tire are flexible precludes the making of the entire tire of rubber having a modulus of elasticity as high as 350 or a Shore hardness greater than 72. So far as appears from the record, however, rubber of the kind specified is flexible to some degree, although presumably not as much so as softer rubber. Accord-

ingly, the word "flexible" does not patentably distinguish over a tire composed of rubber of the hardness and modulus of elasticity specified.

For the reasons given, we are of the opinion that the board properly held that appealed claims 4 and 6 fail to define invention over the Pierce patent.

Appealed claims 5 and 7 differ from claims 4 and 6 in that they not only specify the hardness and modulus of elasticity of the rubber layer in which the metallic cords are embedded, but also state that such layer has a modulus of elasticity substantially higher than the other rubber in the side walls and tread portion of the tire. That limitation was dismissed as unpatentable by the board with the statement that "no new or unexpected result has been attributed to such inequality."

Appellant's application, however, clearly teaches that there are definite advantages in embedding the metal cords which underlie the tread of a tire in relatively hard rubber having a high modulus of elasticity, and this does not appear to have been denied by the Patent Office tribunals. No recognition of those advantages is to be found in Pierce, in which the metal cords are embedded in rubber identical with that which forms the remainder of the tire. Accordingly, while, as above indicated, the advantages are inherent in the Pierce disclosure if it is applied to tires made of relatively hard rubber, Pierce does not in any way suggest how to obtain those advantages in ordinary commercial tires which, as indicated by the record, have a modulus of elasticity of between 140 and 190. Under such circumstances, we are of the opinion that the composite tire recited in claims 5 and 7 is not fairly suggested by the Pierce patent, and that those claims should have been allowed.

The decision of the Board of Appeals is modified, being affirmed as to claims 4 and 6, and reversed as to claims 5 and 7.

Modified.

JACKSON, Judge, Retired, recalled to participate in place of COLE, Judge.

O'CONNELL, J., was present at the argument of this case but, because of illness, did not participate in the decision.